UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
JAN 22 2021
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:21-cr- 1- SEB-VTW |
| | ) | |
| JEFFREY COMPTON, | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

### GENERAL ALLEGATIONS

During the times relevant to this Indictment:

1. JEFFREY COMPTON was the Executive Director of Operations at Company A. Company A was located in Jeffersonville, Indiana. As Executive Director, COMPTON oversaw the Information Technology Department, Warehouse, and Security, which involved the oversight of approximately 800 employees. As part of his duties, COMPTON oversaw the purchase of information technology equipment.

2. An internal review of accounting records at Company A showed approximately seventeen (17) separate purchases from PC Mall were made between July 2014 and December 2015 for approximately 640 i7 computer processors. The cost of the processors was approximately $585,971, and funds from Company A were used to pay for these purchases. Company A had no knowledge of these purchases, nor did it ever authorize, consent, or approve of COMPTON purchasing these processors and using funds from Company A to pay for these processors.

3. The processors were shipped to the attention of COMPTON at Company A, where COMPTON would generally approve the invoices for payment. Company A did not use i7 processors as part of their information technology equipment.

4. Further investigation revealed that an eBay account linked to COMPTON had been selling i7 computer processors. Buyers submitted payments to COMPTON using a PayPal account linked with COMPTON. COMPTON generated invoices through PayPal to send to buyers for purchases of computer processors. COMPTON exchanged emails with buyers regarding available inventory and pricing for the processors. COMPTON regularly did business with buyers who lived and operated their business in California.

5. From in or around August 2014 through in or around March 2016, COMPTON received approximately $426,454.14 from buyers purchasing computer processors that had been purchased with funds from Company A without Company A's knowledge, consent, or authorization.

6. COMPTON and his wife jointly filed Forms 1040 for tax years 2014, 2015, and 2016. COMPTON did not report any of the money he received from the sale of the processors on his tax returns for these years.

7. For COMPTON's 2014 joint return, he failed to report approximately $99,085.25 in funds he received for the stolen processors, which results in a tax deficiency of approximately $34,939. For COMPTON's 2015 joint return, he failed to report approximately $302,058.22 for funds he received for the stolen processors, which results in a tax deficiency of approximately $113,090. For COMPTON's 2016 joint return, he failed to report approximately $25,310.67 for funds he received for the stolen processors, which results in a tax deficiency of approximately

$10,324. COMPTON willfully evaded the payment of these taxes.

**SPECIFIC OFFENSES**

The Grand Jury charges that:

**Counts 1-11**

**[18 U.S.C. § 1343 - Wire Fraud]**

8. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

9. Between on or about January 11, 2016, and March 30, 2016, in the Southern District of Indiana, and elsewhere,

**JEFFREY COMPTON,**

the defendant herein, having devised a scheme or artifice to defraud Company A and to obtain computer equipment with funds from Company A to take and sell for his own personal gain by means of false or fraudulent pretenses, representations, and promises, did transmit or cause to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, to wit: COMPTON purchased computer processors using Company A's funds without Company A's authority, consent, or approval and sold the processors to buyers in California through the use of interstate internet communications involving his personal eBay and PayPal accounts, and as a result of this scheme and artifice, COMPTON received funds with a value of approximately $26,070 for his personal benefit, including the transactions listed in the Counts in the table below.

| COUNT | ON OR ABOUT DATE OF THE WIRE TRANSMISSION | BUYER'S INITIALS | SELLER'S PAYPAL EMAIL ACCOUNT | SHIPPING ADDRESS | AMOUNT TRANSFERRED VIA PAYPAL |
|---|---|---|---|---|---|
| **1** | 1/11/2016 | M.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **2** | 1/11/2016 | M.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **3** | 1/11/2016 | M.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **4** | 1/11/2016 | M.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **5** | 1/14/2016 | E.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **6** | 1/14/2016 | E.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **7** | 1/14/2016 | E.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **8** | 1/14/2016 | E.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **9** | 1/14/2016 | E.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **10** | 1/14/2016 | E.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |
| **11** | 3/30/2016 | M.S. | jeffc@compton.com | Fremont, CA | $2,370.00 |

**Count 12**

**[26 U.S.C. § 7201 - Attempt to Evade or Defeat Tax]**

10. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

11. On or about April 15, 2015, in the Southern District of Indiana,

**JEFFREY COMPTON,**

the defendant herein, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2014, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his wife, which was filed with the Internal Revenue Service, wherein it was stated that their joint taxable income for said calendar year was the sum of approximately $247,566, which resulted in tax due of $7,956, when he then and there well knew and believed, their joint taxable income for the said calendar year was substantially in excess of that heretofore stated and that upon said additional joint taxable income a substantial additional tax was due and owing to the United States of America.

All of which is in violation of Title 26, United States Code, Section 7201.

**Count 13**

**[26 U.S.C. § 7201 - Attempt to Evade or Defeat Tax]**

12. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

13. On or about April 15, 2016, in the Southern District of Indiana,

**JEFFREY COMPTON,**

the defendant herein, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2015, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his wife, which was filed with the Internal Revenue Service, wherein it was stated that their joint taxable income for said calendar year was the sum of approximately $251,346, which resulted in tax due of $3,618, when he then and there well knew and believed, their joint taxable income for the said calendar year was substantially in excess of that heretofore stated and that upon said additional joint taxable income a substantial additional tax was due and owing to the United States of America.

All of which is in violation of Title 26, United States Code, Section 7201.

**Count 14**

**[26 U.S.C. § 7201 - Attempt to Evade or Defeat Tax]**

14. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

15. On or about April 15, 2017, in the Southern District of Indiana,

**JEFFREY COMPTON,**

the defendant herein, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2016, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his wife, which was filed with the Internal Revenue Service, wherein it was stated that their joint taxable income for said calendar year was the sum of approximately $735,075, which resulted in tax due of $57,518, when he then and there well knew and believed, their joint taxable income for the said calendar year was substantially in excess of that heretofore stated and that upon said additional joint taxable income a substantial additional tax was due and owing to the United States of America.

All of which is in violation of Title 26, United States Code, Section 7201.

**Count 15**

**[26 U.S.C. § 7206(1) – Making and Subscribing a False Tax Return]**

16. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

17. On or about April 15, 2015, in the Southern District of Indiana,

**JEFFREY COMPTON,**

the defendant herein, did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his wife, for the calendar year 2014, which was verified by a written declaration that it was made under the penalties of perjury and which COMPTON did not believe to be true and correct as to every material matter. The 2014 Form 1040, joint United States Individual Income Tax Return, which was filed with the Internal Revenue Service, reported that COMPTON's taxable income was approximately $247,566, when COMPTON then and there knew he received substantially more taxable income in addition to the amount stated in the return.

All of which is in violation of Title 26, United States Code, Section 7206(1).

**Count 16**

**[26 U.S.C. § 7206(1) – Making and Subscribing a False Tax Return]**

18. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

19. On or about April 15, 2016, in the Southern District of Indiana,

**JEFFREY COMPTON,**

the defendant herein, did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his wife, for the calendar year 2015, which was verified by a written declaration that it was made under the penalties of perjury and which COMPTON did not believe to be true and correct as to every material matter. The 2015 Form 1040, joint United States Individual Income Tax Return, which was filed with the Internal Revenue Service, reported that COMPTON's taxable income was approximately $251,346, when COMPTON then and there knew he received substantially more taxable income in addition to the amount stated in the return.

All of which is in violation of Title 26, United States Code, Section 7206(1).

## Count 17

**[26 U.S.C. § 7206(1) – Making and Subscribing a False Tax Return]**

20. The Allegations set forth above in paragraphs 1 through 7 are re-alleged and incorporated herein as if set out in full.

21. On or about April 15, 2017, in the Southern District of Indiana,

**JEFFREY COMPTON,**

the defendant herein, did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his wife, for the calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and which COMPTON did not believe to be true and correct as to every material matter. The 2016 Form 1040, joint United States Individual Income Tax Return, which was filed with the Internal Revenue Service, reported that COMPTON's taxable income was approximately $735,075, when COMPTON then and there knew he received substantially more taxable income in addition to the amount stated in the return.

All of which is in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS

22. Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby gives the defendant notice that the United States will seek forfeiture of property, criminally and/or civilly, pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c).

23. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts 1-11 of this Indictment, the defendant shall forfeit to the United States:

A. pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation; and

B. a sum of money equal to the total amount of the proceeds of the offense (money judgment).

24. If any of the forfeitable property described above, as a result of any act or omission of the defendant:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 28 U.S.C. § 2461(c).

[redacted]

JOHN E. CHILDRESS
Acting United States Attorney

By: [signature]
Kyle M. Sawa
Assistant United States Attorney